UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

THE BURLINGTON INSURANCE
COMPANY; FIRST FINANCIAL
INSURANCE COMPANY; BURLINGTON
INSURANCE GROUP, INCORPORATED,
            *Plaintiffs-Appellees,*

v.

TRYGG-HANSA INSURANCE COMPANY
AB,

            *Defendant-Appellant.*

No. 01-2341

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CA-99-334-1)

Argued: May 8, 2002

Decided: September 4, 2002

Before WILKINSON, Chief Judge, and WILKINS and
LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Andrew S. Amer, SIMPSON, THACHER & BART-
LETT, New York, New York, for Appellant. Margaret A. Dale, SOL-
OMON, ZAUDERER, ELLENHORN, FRISCHER & SHARP, New

York, New York, for Appellees. **ON BRIEF:** Marci R. Etter, SIMP-
SON, THACHER & BARTLETT, New York, New York; Josiah S.
Murray, III, NEWSOM, GRAHAM, HEDRICK & KENNON, P.A.,
Durham, North Carolina, for Appellant. Louis M. Solomon, Steven H.
Holinstat, SOLOMON, ZAUDERER, ELLENHORN, FRISCHER &
SHARP, New York, New York; Catharine B. Arrowood, Brian D.
Darer, PARKER, POE, ADAMS & BERNSTEIN, L.L.P., Raleigh,
North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Appellant Trygg-Hansa Insurance Company AB (Trygg-Hansa)
contends that the district court erred in modifying an award issued by
an arbitration panel. Finding no prejudicial error, we affirm.

### I.

In 1991, Trygg-Hansa and Appellee Burlington Insurance Group,
Incorporated (BIG) entered into a memorandum of understanding
contemplating various joint ventures. Trygg-Hansa then signed rein-
surance contracts with two BIG subsidiaries, Appellees The Burling-
ton Insurance Company (BICO) and First Financial Insurance
Company (FFICO). The terms of these relationships were later modi-
fied by a document titled "Reconfirmation of Agreement" (the ROA).

Disputes arose under the ROA and, in 1999, Appellees filed suit
against Trygg-Hansa and simultaneously filed a demand for arbitra-
tion. Trygg-Hansa moved to stay the judicial proceedings pending the
completion of arbitration, and the district court granted a stay as to
some issues but ordered discovery to proceed as to others. Trygg-
Hansa challenged the limits of this stay by interlocutory appeal. This

court upheld Trygg-Hansa's challenge and ordered the district court to stay all proceedings pending arbitration. *See Burlington Ins. Co. v. Trygg-Hansa Ins. Co. AB*, 9 Fed. Appx. 196, 204 (4th Cir. 2001) (per curiam) (unpublished decision).

By the time this court announced its decision, the arbitration panel (the Panel) had already issued its award (the Award). The Panel found that Appellees made "material misrepresentations" justifying an award in favor of Trygg-Hansa. J.A. 750-51. The Award also contained the following paragraph, which bore the heading "Limitation of Panel's Jurisdiction":

> The Panel has been made aware of the fact that Judge Osteen of the U.S. District Court has specifically ordered that the Panel has no jurisdiction as to the validity of the Reconfirmation of Agreement. . . . *Therefore, despite the fact that the Panel finds that there were certain material misrepresentations by representatives of BIG, [BICO] and [FFICO] and a consequent breach of the duty of utmost good faith involving matters related to the negotiation and implementation of the Reconfirmation of Agreement, the Panel is constrained from granting any relief requested by Trygg-Hansa other than that directly related to the [Reinsurance Contracts].*

*Id.* at 745-46 (emphasis added).

When Trygg-Hansa moved to confirm the Award, the Appellees filed a cross-motion asking the district court to modify the Award by striking the emphasized portion of the passage quoted above (the Disputed Finding). The court granted Appellees' cross-motion. Trygg-Hansa then took an immediate appeal. *See* 9 U.S.C.A. § 16(a)(1)(E) (West 1999).

## II.

Section 11 of the Federal Arbitration Act (FAA) authorizes district courts to modify arbitration awards in limited circumstances. The relevant portion of this provision allows modification when "the arbitra-

tors have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted." 9 U.S.C.A. § 11(b) (West 1999). We hold that the modification here was erroneous under § 11(b) but that the error was harmless.

By its plain language, § 11(b) allows a district court to strike an "award[ ]" that (i) relates to "a matter not submitted" for arbitration and (ii) "affect[s] the merits of the decision upon the matter submitted." We question whether the Disputed Finding constitutes an award, rather than a mere finding, but the parties have not raised this issue and we will not consider it. We also need not consider whether the Disputed Finding involves "a matter not submitted" for arbitration, because we conclude that the finding did not "affect[ ] the merits of the decision upon the matter submitted." The record contains no evidence that the Disputed Finding affected the ultimate determination of the parties' rights; on the contrary, the remedies awarded closely track the findings of fact that appear earlier in the Panel opinion. Thus, the Disputed Finding does not satisfy the second requirement of § 11(b), and the decision to strike the finding was therefore erroneous.

Although the modification of the Award was erroneous under § 11(b) because the Disputed Finding did not affect the Panel's disposition, the error was harmless for the same reason. Trygg-Hansa complains that it has been deprived of an opportunity to rely on the Disputed Finding for collateral estoppel purposes in the judicial phase of this dispute, but the Disputed Finding could have no collateral estoppel effect in any event, as the Panel expressly disavowed any authority to resolve the question implicated in that finding. *See First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Enters.)*, 81 F.3d 1310, 1315 (4th Cir. 1996) (stating that collateral estoppel applies to issues that were "actually and necessarily determined by a court of competent jurisdiction" in prior proceedings (internal quotation marks omitted)). Consequently, Trygg-Hansa has not been prejudiced by the modification of the Award.

We recognize that our reasoning would apply to virtually all modifications that violate the second prong of § 11(b) and that such violations are therefore effectively immune from appellate review. We believe, however, that this result does not nullify the second require-

ment of § 11(b), but instead advances the congressional purposes underlying the FAA in general and § 11 in particular. Challenges to inconsequential portions of arbitral awards wastefully prolong litigation, and appeals relating to such challenges compound that wastefulness. We believe that Congress included the second requirement in § 11(b) precisely to avoid such waste. *See Arbitration of Interstate Commercial Disputes: Joint Hearings Before the Subcomms. of the Comms. on the Judiciary*, 68th Cong. 36 (1924) (brief submitted by Julius Henry Cohen, general counsel for the New York State Chamber of Commerce) (noting importance of limiting judicial review of arbitral awards).* Application of the harmless error doctrine prevents a second generation of waste from spawning a third.

### III.

For the foregoing reasons, we affirm the decision of the district court striking a portion of the Award.

*AFFIRMED*

---

*We acknowledge with gratitude the research assistance provided by the staff of the Fourth Circuit Library